ERIN E. SCHNEIDER (Cal. Bar No. 216114)
MONIQUE C. WINKLER (Cal. Bar No. 213031)
 winklerm@sec.gov
JASON H. LEE (Cal. Bar No. 253140)
 leejh@sec.gov
JOHN K. HAN (Cal. Bar No. 208086)
 hanjo@sec.gov
SUSAN F. LAMARCA (Cal. Bar No. 215231)
 lamarcas@sec.gov
FITZANN R. REID (NY Bar No. 5084751)
 reidf@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| ARRAYIT CORPORATION and RENE SCHENA, | |
| Defendants. | |

Plaintiff Securities and Exchange Commission (the "Commission") alleges:

**SUMMARY OF THE ACTION**

1. From in or about October 2018 to in or about March 2019, Arrayit Corporation ("Arrayit," a biotechnology company) and its Chief Executive Officer Rene Schena misled investors by making false and misleading statements about the status of Arrayit's delinquent financial reports.

2. Then, from in or about March 2020 to in or about April 2020 – during the COVID-19 pandemic – Arrayit again made a series of false and misleading statements, this time regarding the

status of the company's development of a COVID-19 test. Arrayit's and Rene Schena's misstatements led to surges in the price and trading volume of Arrayit's stock.

3. From 2015 to 2019, Arrayit was required to file quarterly and annual financial reports with the Commission. However, the last financial report that Arrayit filed with the Commission was on November 20, 2015. Arrayit failed to file required annual and quarterly reports, which would have included audited and unaudited financial statements, with the Commission after that date.

4. Arrayit and Rene Schena have directly or indirectly violated, and unless restrained and enjoined, will continue to violate, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]. Additionally, Arrayit and Rene Schena have directly or indirectly violated, and unless restrained and enjoined, will continue to violate, Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 13a-1 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-13].

**JURISDICTION AND VENUE**

5. The Commission brings this action pursuant to Sections 21 and 27 of the Exchange Act [15 U.S.C. §§ 78u and 78aa].

6. This Court has jurisdiction over this action pursuant to Sections 21(d), 21(e) and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e) and 78aa].

7. Defendants, directly or indirectly, made use of the means and instrumentalities of interstate commerce, or of the mails, or of the facilities of a national securities exchange, in connection with the acts, transactions, practices, and courses of business alleged in this complaint.

8. Venue is proper in this District pursuant to Section 27(a) of the Exchange Act [15 U.S.C. § 78aa(a)] since acts, practices, and courses of business that form the basis for the violations alleged in this complaint occurred in this District.

9. Under Civil Local Rule 3-2(e), this civil action should be assigned to the San Jose Division, because a substantial part of the events or omissions which give rise to the claims alleged herein occurred in Santa Clara County.

# DEFENDANTS

10.     **Arrayit Corporation** is a biotechnology company headquartered in Sunnyvale, California, which purports to focus on the discovery, development, and manufacture of proprietary life science technologies. Prior to the period, April 14, 2020 through April 27, 2020, when trading in its shares was halted by Order of the Securities and Exchange Commission, Arrayit's common stock, listed as "ARYC," was quoted on OTC Link LLC (previously "Pink Sheets") operated by OTC Markets Group Inc. Arrayit's shares are currently trading outside of an interdealer quotation system or in the "grey market." Arrayit has had as many as twenty-four employees, but currently has a workforce of only approximately six employees and seven consultants.

11.     **Rene Schena**, age 57, is a resident of Los Altos, California. Rene Schena co-founded Arrayit with her brother in 1993. Rene Schena has served as Arrayit's Chief Executive Officer, Chief Financial Officer, and Chairman of the Board since 2008. She is in charge of Arrayit's day-to-day operations, financial reporting, and legal matters. Rene Schena supervises the activities of all of the company's staff, including its president who reports to her. She is married to Mark Schena, the President of Arrayit.

# OTHER RELEVANT PERSON

12.     **Mark Schena**, age 57, is a resident of Los Altos, California. Mark Schena has served as Arrayit's President and Chief Science Officer since 2008. He also has served as secretary on Arrayit's Board of Directors. He is married to Rene Schena, the Chief Executive Officer of Arrayit. At all times relevant to the complaint, Mark Schena was acting in his official capacity or acting in furtherance of the business. Accordingly, the actions, omissions, and state of mind of Mark Schena are imputed to Arrayit. On September 25, 2020, the Commission filed a separate action against Mark Schena in Securities and Exchange Commission v. Mark Schena, 5:20-cv-6716-EJD.

# FACTS

## A. Arrayit Failed to File Required Periodic Reports and Audited Financial Statements with the Commission

13. On or about March 1, 2001, Arrayit's common stock (under a previous name) was registered with the Commission pursuant to Section 12(g) of the Exchange Act. Pursuant to Section 13(a) of the Exchange Act and Rules 13a-1 and 13a-13 thereunder, Arrayit was required to file quarterly and annual reports with the Commission.

14. On or about November 20, 2015, Arrayit filed with the Commission its quarterly report on Form 10-Q, for the period ended September 30, 2015. After that filing, Arrayit has filed no other quarterly or annual reports with the Commission. Rene Schena is the person at Arrayit responsible for the preparation and filling of the company's quarterly and annual reports.

15. On or about November 1, 2016, Arrayit hired a financial auditing firm (the "Auditing Firm") to audit Arrayit's 2015 financial statements. The initial engagement letter, signed by Rene Schena, provides in pertinent part: "[the Auditing Firm] will audit the balance sheet of the Company as of December 31, 2015, and the related consolidated statements of operations, stockholders' equity (deficit) and cash flows for the year then ended. Based on our audit, we will issue a written report on Arrayit Corporation's consolidated financial statements to be included in the annual report (Form 10-K) proposed to be filed by Arrayit Corporation under the Securities Exchange Act of 1934."

16. On or about January 4, 2017, Arrayit executed a second engagement letter, signed by Rene Schena, which expanded the Auditing Firm's scope of work to include Arrayit's financial statements for 2014.

17. Although there were some discussions for the Auditing Firm to audit Arrayit's financial statements for subsequent years, Arrayit never executed a formal letter of engagement for the Auditing Firm to conduct an audit for years 2017 or 2018. Accordingly, the Auditing Firm performed virtually no work with respect to Arrayit's financial statements for these years.

18. Rene Schena was the primary contact at Arrayit for the audit engagements with the Auditing Firm. However, Mark Schena was often copied on e-mail correspondence between the Auditing Firm and Rene Schena regarding the status of the audits.

19. The Auditing Firm experienced many problems in conducting its audits for Arrayit. Arrayit failed to provide the Auditing Firm with documents and information necessary for the Auditing Firm to complete its audits. Rene Schena failed to respond to the Auditing Firm's communications, for up to several months. Investors emailed and called the Auditing Firm and stated that Mark Schena was on social media blaming the Auditing Firm for delays in the completion of Arrayit's audit. Also, Arrayit was late in its payments to the Auditing Firm for its work in auditing Arrayit's 2014 and 2015 financial statements. The Auditing Firm expressed these problems in several emails to Rene Schena and Mark Schena.

20. On or about October 3, 2018, the Auditing Firm sent an email to Mark Schena (cc'ing Rene Schena) requesting that he explain "why we received an e-mail from an investor (below) indicating … that the financials are completed and have been submitted to the SEC?"

21. On or about October 26, 2018, the Auditing Firm sent an email to Rene Schena (cc'ing Mark Schena) indicating that the Auditing Firm had not "heard back from anyone in a while" and asked whether Arrayit was making progress in providing the Auditing Firm with specific documents necessary for their audit work. Neither Rene Schena nor Mark Schena responded to the Auditing Firm.

22. On or about October 30, 2018, the Auditing Firm sent an email to Rene Schena which stated, "We have not heard from you for quite some time" and inquired whether Arrayit had completed the documents needed for the Auditing Firm's audits. The Auditing Firm also noted that Arrayit was past due on its payments to the Auditing Firm. Rene Schena did not respond.

23. On or about December 26, 2018, the Auditing Firm's staff discussed internally their concern that Arrayit had "gone silent" and had not responded to the Auditing Firm's communications. The Auditing Firm's staff also noted that they had been waiting for many weeks on certain documents from Arrayit. The Auditing Firm's staff noted "the ball has been in their [Arrayit's] court to finalize the 10-K for some time, so we haven't touched the job."

24. On or about January 4, 2019, the Auditing Firm sent an email to Rene Schena again asking for the documents needed to complete the pending audits and requested, "Please respond."

25.     On or about January 7, 2019, Rene Schena finally responded to the Auditing Firm, but did not provide the documents requested by the Auditing Firm. Soon thereafter, Arrayit engaged the Auditing Firm to conduct an audit of Arrayit's inventory, but Arrayit never provided the Auditing Firm the documents necessary for the firm to complete its audits of Arrayit's 2014 and 2015 financial statements.

26.     On or about March 29, 2019, the Auditing Firm's staff discussed internally that "[Mark Schena] is still telling investors the filing is imminent, but I've been waiting on a 10-K for several months."

27.     Because of Arrayit's failure to provide necessary documents and information, the Auditing Firm never completed its audits of Arrayit's 2014 and 2015 financial statements. The Auditing Firm also performed virtually no work on Arrayit's financial statements for 2017 and 2018.

**B.     Arrayit and Rene Schena Made False and Misleading Statements about the Status of Arrayit's Financial Statements**

28.     In 2018, Mark Schena and Rene Schena received numerous inquiries from investors asking when Arrayit's financial statements would be filed with the Commission and made public.

29.     Despite knowing the stalled status with the Auditing Firm, Mark Schena and Rene Schena made numerous statements to investors falsely assuring them that Arrayit would soon become current with its required periodic reports, including the filing of audited financial statements, at times specifying the first quarter of 2019.

30.     On or about October 31, 2018, Mark Schena drafted and posted a statement on Arrayit's Twitter account that stated: "Arrayit provides an update to shareholders. We are currently [in] a quiet period regarding our financials. Our next financial announcement will be the filing of our 10-K and 10-Q forms through 2018. Thanks everyone for your continued support and patience!"

31.     On or about December 31, 2018, Rene Schena, Mark Schena, and other Arrayit personnel drafted and issued a press release titled "Arrayit Corporation CEO Letter to Shareholders" stating, in pertinent part: "At year end, we implemented a new electronic medical billing solution and we expect to bill $1 million per week for our health and wellness tests. The actual contribution

of medical reimbursement to our revenues and earnings will be detailed in financial reports, which we anticipate filing in the coming quarter."

32. In or about March 2019, Rene Schena authored a statement posted on Arrayit's webpage that stated, in pertinent part: "Arrayit Corporation (ARYC) complies with federal rules and regulations governing public companies, including making disclosures with the United States Securities and Exchange Commission (SEC). We will resume quarterly and annual financial filings during the first quarter of 2019."

33. In or about March 2019, Mark Schena responded to numerous emails from investors inquiring about the status of Arrayit's financial reports. Mark Schena falsely stated in his emails that, as previously announced in the December 2018 "CEO Letter to Shareholders," Arrayit's financial reports would be filed in the first quarter of 2019. For example, some of the emails state, in pertinent part:

| Investor Email Date | Investor Email Inquiry | Mark Schena's Email Response Date | Mark Schena's Response |
|---|---|---|---|
| 3/25/2019 | "Also, will we see a tweet this week regarding the release date of the financials?" | 3/25/2019 | "We are reiterating Q1-2019 for the financials. The filing will be announced in a formal press release and via Twitter." |
| 3/27/2019 | "I'm sure this question had been asked many times, but a lot of us are increasingly getting nervous about the financials still not yet filed and there are only 2 more business days left in this quarter. Per the last letter to shareholders it was stated financials will be filed in Q1. Are we still on time with filing?" | 3/27/2019 | "We are reiterating our Q1-2019 guidance for financials per the CEO Letter to Shareholders." |
| 3/27/2019 | "I am a long-term [loyal] investor of Arrayit since 2015, and just want to know if the financials will be released on schedule for Q1, | 3/27/2019 | "We are reiterating Q1-2019 for the financials." |

COMPLAINT                                    7

| | 2019 per letter to shareholders." | | |

34. Many investors posted the text of Mark Schena's emails on InvestorsHub.com, a public internet message board for investors. For example, some of these posts include, in pertinent part:

| Date of Post | Investor Inquiry | Mark Schena's Response |
|---|---|---|
| 2/26/2019 | "I was wanting to know if you are guaranteeing the financials will be released this year?" | "We are reiterating Q1-2019 for the financials per the recent CEO Letter to Shareholders….Because of the excellent progress, we are releasing FY2014-FY2015 in a single filing." |
| 3/14/2019 | "[I]s there anything that you can provide to us shareholders that can relieve us of the doubt of Arrayit not releasing FY2014-2018 financial report this time again[?]" | "We are reiterating Q1-2019 for filing per the CEO Letter to Shareholders….All fiscal years will be released at once, which explains the current timeline." |
| 3/29/2019 | "With 2 days left in this Q1, hoping to see them soon!" | "Dear [XXX], We appreciate your ongoing support and feedback, and yes we are reiterating our Q1-2019 guidance for financials." |

35. However, Arrayit did not file any of the required quarterly or annual reports with the Commission in the first quarter of 2019, or anytime thereafter.

36. On August 19, 2019, Arrayit submitted a Form 15 which gave notice of its suspension of a duty to file financial reports with the Commission.

37. Arrayit's, Mark Schena's, and Rene Schena's false and misleading statements affected the price and trading volume of Arrayit's stock. From January 1, 2019 to March 26, 2019, the closing share price of Arrayit securities increased 313% from $0.0477 to $ 0.1969, and the daily trading volume increased 674% from 708,719 to 5,485,236 shares. As the end of the first quarter of 2019 approached and periodic reports, including audited financial statements, were not filed, the closing share price of Arrayit securities declined. From March 26, 2019 to April 2, 2019, the closing share price declined 73% from $0.1969 to $0.0541, and the daily trading volume increased 558% from 5,485,236 to 36,107,809 shares. The surge in Arrayit's share price and trading volume was stark in comparison to the security's price and trading volume prior to the false and misleading

COMPLAINT                                    8

statements regarding the company's purported preparations to file updated periodic reports and audited financial statements with the Commission. Overall, the market response to this news of purported preparations of periodic reports and financial statements was significant.

38.  Mark Schena and Rene Schena knew, or were reckless in not knowing, that their statements about the status of Arrayit's financial reports were false and misleading. They also knew, or were reckless in not knowing, that they omitted material facts when making statements about the status of Arrayit's financial reports, including the fact that Arrayit had failed to provide necessary documents to its independent auditor.

### C. Arrayit (via Mark Schena) Made False and Misleading Statements about Arrayit's COVID-19 Test

39.  In early 2020, the COVID-19 virus was spreading rapidly in the United States. Arrayit made the decision to develop its own COVID-19 test. However, in March and April 2020, Mark Schena made a series of false and misleading statements in emails to investors about the status of the development of Arrayit's COVID-19 test.

40.  Mark Schena made false and misleading statements in emails to investors claiming that Arrayit had a COVID-19 test before Arrayit possessed all the essential components for such a test. Arrayit did not order the reagents for a COVID-19 test until March 17, 2020, and these reagents were not shipped to Arrayit until March 19, 2020. Accordingly, Mark Schena's statements to investors that Arrayit had a COVID-19 test before March 19, 2020, were false.

41.  Mark Schena also made false and misleading statements in emails to investors claiming that Arrayit's COVID-19 test was pending emergency approval. Arrayit did not apply for Emergency Use Authorization with the U.S. Food and Drug Administration ("FDA") until April 13, 2020. Accordingly, Mark Schena's statements to investors that Arrayit's COVID-19 test was pending emergency approval before April 13, 2020, were false.

42.  Mark Schena made false and misleading statements in emails to investors when replying to those investors' inquiries by omitting material facts. Investors asked whether Arrayit had a COVID-19 test that was "approved" or "was approved by the FDA." Mark Schena responded, "we

have a test," while omitting the fact that the test was not approved by the FDA or any other regulatory entity.

43. Examples of Mark Schena's misstatements in emails to investors include, in pertinent part:

| Investor Email Date | Investor Inquiry | Mark Schena's Response date | Mark Schena's Response |
|---|---|---|---|
| 3/9/2020 | "Is your company working on anything to help the nation with this crisis?" | 3/9/2020 | "Dear XXX, Confirming that we have a test for COVID-19." |
| 3/13/2020 | "Can you corroborate that Arrayit has developed the SARS-COV-2 (COVID-19) test and that it is being considered for emergency approval? | 3/13/2020 | "Dear XXX, Confirming that we have a SARS-Cov-2 test and that the test has been submitted for emergency approval." |
| 3/14/2020 | "Do you have a Covid-19 test of which the government will utilize in the near future? If so, is it being reviewed by the FDA for emergency approval? | 3/14/2020 | "Dear XXX, Confirming that we have a SARS-Cov-2 test and that the test is pending emergency approval." |
| 3/16/2020 | "Does Arrayit have a finger prick test for Covid-19?" | 3/16/2020 | "Dear XXX, "Confirming that Arrayit has a finger stick test for SARS-CoV-2." |
| 3/17/2020 | "Are you working on a vaccine or just creating a test for the FDA approval?" | 3/17/2020 | "Dear XXX, Confirming that we have a test for SARS-CoV-2 (Covid-19) and will make the test available as soon as possible." |

44. Mark Schena eventually drafted a specific email response that he sent to numerous investors who inquired about Arrayit's COVID-19 test. The email stated: "Dear Valued Customer, We received more than 50,000 requests for our finger stick blood test for SARS-CoV-2, the virus that causes coronavirus disease 2019 (COVID-19). Our team is coordinating with local, state and federal

agencies and with our distributors to make this test available to as many patients as possible on an expedited timeline. Please consult our website and press releases for update. Best regards, Arrayit Corporation." ("Dear Valued Customer email"). This email was false and misleading with respect to its claim that Arrayit "received more than 50,000 requests" for Arrayit's COVID-19 test and that Arrayit was "coordinating with local, state and federal agencies."

45. Mark Schena sent this email to multiple investors on multiple dates. For example, some of the emails state, in pertinent part:

| Investor Email Date | Investor Inquiry | Mark Schena's Response date | Mark Schena's Response |
|---|---|---|---|
| 3/16/2020 | "Good evening, I'm sure you guys are working around the clock. Thank you in advance for any help you are providing to our country at this time." | 3/21/2020 | "Dear Valued Customer" email |
| 3/16/2020 | "Could you please let me know if the ARYC lab is in the list of 2000 approved labs." | 3/21/2020 | "Dear Valued Customer" email |
| 3/16/2020 | "Recently, it was stated on the Internet that ARYC submitted an EUA for the Corona Virus, has a response been received and was it approved, can you comment?" | 3/21/2020 | "Dear Valued Customer" email |
| 3/17/2020 | "[H]as the test been validated and will Arrayit be distributing the test to help with the crisis?" | 3/21/2020 | "Dear Valued Customer" email |
| 3/18/2020 | "I saw the link to Arrayit's COVID-19 testing instructions on the website yesterday. Has Arrayit been given approval for the test?" | 3/21/2020 | "Dear Valued Customer" email |

46. Mark Schena's false and misleading statements about the status of Arrayit's COVID-19 test were posted and shared by investors on the public internet forum InvestorsHub.com.

47. Arrayit's false and misleading statements affected the price and trading volume of Arrayit's stock. Beginning in March 2020, Arrayit's share price began to climb. From March 9, 2020 to March 16, 2020, the closing share price of Arrayit securities increased 14% from $0.0218 to

1  $0.0249, and the daily trading volume increased 6% from 1,719,315 to 1,816,604 shares.
2  Corresponding with Mark Schena's emails claiming that Arrayit had received over 50,000 requests
3  for its test and was coordinating with government agencies, from March 17, 2020 to March 19, 2020,
4  Arrayit's closing share price spiked 55% from $0.0242 to $0.0374 and its trading volume increased
5  99% from 1,480,455 to 2,943,365 shares.

6       48.   Mark Schena knew, or was reckless in not knowing, that his statements regarding the
7  status of Arrayit's COVID 19 test were false and misleading.

## FIRST CLAIM FOR RELIEF

### (Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder

### by Arrayit)

49.   Paragraph numbers 1 through 48 are re-alleged and incorporated herein by reference.

50.   By engaging in the conduct described above, Arrayit directly or indirectly, by use of means or instrumentalities of interstate commerce, or of the mails, or of a facility of a national security exchange, with scienter: (a) employed devices, schemes, or artifices to defraud; (b) made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons, in connection with the purchase or sale of securities, in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and unless restrained and enjoined will continue to violate these provisions.

## SECOND CLAIM FOR RELIEF

### (Control Person Liability for Violations of Section 10(b) of the

### Exchange Act and Rule 10b-5 Thereunder

### by Rene Schena)

51.   Paragraph numbers 1 through 48 are re-alleged and incorporated herein by reference.

52.   By engaging in the conduct described above, Arrayit violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

53. By engaging in the conduct described above, including the fact that Rene Schena was in charge of the day-to-day operations of Arrayit and supervised all of its personnel, Rene Schena: (a) directly or indirectly controlled Arrayit; and (b) possessed the power and ability to control Arrayit as to its violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

54. Accordingly, Rene Schena is liable as a controlling person pursuant to Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)] as to Arrayit's violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

55. Unless restrained and enjoined, Rene Schena will continue to engage in conduct that would render her liable, under Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)], for violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## THIRD CLAIM FOR RELIEF

**(Aiding and Abetting Violations of Section 10(b) of the**

**Exchange Act and Rule 10b-5 Thereunder**

**by Rene Schena)**

56. Paragraph numbers 1 through 48 are re-alleged and incorporated herein by reference.

57. By engaging in the conduct described above, Arrayit employed devices, schemes, or artifices to defraud; made false and misleading statements; and engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons, in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

58. By engaging in the conduct described above, Rene Schena knowingly or recklessly provided substantial assistance to Arrayit's violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

59. Accordingly, Rene Schena aided and abetted the primary violations described above and, pursuant to Section 20(e) of the Exchange Act [15 U.S.C. § 78t(e)], is liable for such violations.

60. Unless restrained and enjoined, Rene Schena will continue to aid and abet violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

### FOURTH CLAIM FOR RELIEF

### (Violations of Section 13(a) of the Exchange Act

### and Rules 13a-1 and 13a-13 Thereunder

### By Arrayit)

61. Paragraph numbers 1 through 48 are re-alleged and incorporated herein by reference.

62. Because Arrayit's common stock was registered with the Commission pursuant to Section 12(g) of the Exchange Act, Arrayit was required to file quarterly and annual reports with the Commission. On November 20, 2015, Arrayit filed a Form 10-Q for the period ended September 30, 2015. Thereafter, the company filed no other quarterly or annual reports with the Commission, depriving investors of access to important information regarding its finances and operations, including audited financial statements. On August 19, 2019, Arrayit submitted a Form 15 which gave notice of its suspension of a duty to file. Arrayit violated Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 13a-1 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-13] by failing to file quarterly and annual reports with the Commission between November 21, 2015 and August 19, 2019.

63. By reason of the foregoing, Arrayit violated, and unless restrained and enjoined, will continue to violate, Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 13a-1 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-13].

### FIFTH CLAIM FOR RELIEF

### (Aiding and Abetting Violations of Section 13(a) of the Exchange Act

### and Rules 13a-1 and 13a-13 Thereunder

### By Rene Schena)

64. Paragraph numbers 1 through 48 are re-alleged and incorporated herein by reference.

65. By engaging in the conduct described above, Arrayit failed to file quarterly and annual reports with the Commission in violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 13a-1 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-13].

66. By engaging in the conduct described above, Rene Schena knowingly or recklessly provided substantial assistance to Arrayit's violations of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 13a-1 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-13].

67. Accordingly, Rene Schena aided and abetted the primary violations described above and, pursuant to Section 20(e) of the Exchange Act [15 U.S.C. § 78t(e)], is liable for such violations.

68. Unless restrained and enjoined, Rene Schena will continue to aid and abet violations of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 13a-1 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-13].

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that the Court:

I.

Permanently enjoin defendants Arrayit and Rene Schena from directly or indirectly violating the applicable provisions and rules of the federal securities laws as alleged and asserted above.

II.

Enter an Order requiring defendants Arrayit and Rene Schena to pay civil money penalties pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)].

III.

Pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], prohibit defendant Rene Schena from acting as an officer or director of any issuer that has a class of securities registered

pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)];

IV.

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

V.

Grant such other and further relief as this Court may determine to be just, equitable, and necessary.

Dated: February 11, 2021              Respectfully submitted,

/s/ Fitzann Reid
FITZANN R. REID
Attorney for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION